IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.  06-cv-00822-LTB-MJW

BIRDIE, LLC, a limited liability company,

Plaintiff,

v.

MON PETIT OISEAU, LLC, a limited liability company, and
COLOR IMAGE APPAREL, INC., a California corporation,

Defendants.

_____

ORDER
_____

Desiring to foreclose a lawsuit that the defendants threatened against it and to prevent them from placing the validity of a trademark registration beyond dispute by the passage of a deadline, the plaintiff, Birdie, LLC, filed this declaratory judgment action on April 28, 2006.  The defendants, Mon Petit Oiseau, LLC ("Oiseau") and Color Image Apparel, Inc. ("CIAI"), responded by filing in the United States District Court for the Central District of California and now seek, alternatively, either dismissal of this case or transfer of it.

Unfortunately, the attorneys have determined to litigate the litigation.  Birdie objects to affidavits that the defendants filed in support of their reply brief.  Also, the parties dispute whether they conferred for the purposes of D.C. Colo. L. Civ. R. 7.1.A before the defendants filed the present motion.  Of necessity, I confront these questions first.

**I. Rule 7.1 conference**

Local Rule 7.1 provides, *inter alia*,

> The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

The defendants move for dismissal pursuant to Rule 12 or, in the alternative, for transfer pursuant to 28 U.S.C. § 1404(a). The latter request should be stricken, Birdie suggests, because the defendants never conferred with Birdie's counsel in a good-faith effort to resolve the question.

The defendants concede that they included in their initial brief no statement of compliance with Local Rule 7.1. Though they did not clear that hurdle, they insist that they conferred with counsel for the plaintiffs and therefore ran the course set out in the rule. By letter of May 10, 2006, counsel for Birdie solicited the defendants' rationale for considering the Central District of California a more convenient forum and suggested that, if convinced, Birdie would consider stipulating to a transfer. On May 21, 2006, counsel for the defendants responded in writing, reiterating the defendants' intention to seek by motion dismissal or transfer. Though the record does not demonstrate the defendants' attempt to persuade Birdie's counsel, the May 21 missive references a prior telephone call between counsel and identifies the topics of irreconcilable disagreement. The defendants' attorneys, who will be well-advised in the future to memorialize to the Court their efforts, nevertheless appear to have fulfilled their obligations under the local rule.

**II. Objection to affidavit**

Birdie objects to two compendious affidavits attached to the defendants' reply brief, to the effect that Oiseau's principals reside and do business in the Central District of California and that Birdie contacted an Oiseau representative in Los Angeles. These averments, proffered in reply to Birdie's own evidence demonstrating that its representatives are located in San Francisco and

2

Colorado, were known to Birdie from the first, having been summarized in an affidavit by the defendants' counsel, which attended the defendants' initial brief. Birdie's insinuation that the defendants were "sandbagging" it rings hollow and the objection is overruled.

### III. History

The record supplied by the parties by way of the complaint, written correspondence, and affidavits demonstrates the following. Oiseau, which designs and sells women's apparel, employs as its registered trademark the image of a bird. The company's name, translated from French, is My Little Bird. Birdie, a producer of women's golf apparel, utilizes as its design mark the image of a bird seated on a golf tee. The company's name and trademark are puns on the score assigned to a golfer who attains the hole in one stroke less than par.

Oiseau, viewing Birdie's mark as an infringement of its own, on January 17, 2006 sent Birdie a demand letter directing Birdie to end its use of the symbol. This proposal precipitated disagreement between the parties' counsel; Birdie's attorney perceived the respective marks as "markedly different in appearance, connotation, and commercial impression." On March 26, 2006, Oiseau's attorneys provided to Birdie a draft complaint, which, they assured, Oiseau intended to file in the Central District of California absent satisfactory resolution. Birdie's counsel then suggested that Oiseau propose terms of settlement. Oiseau offered to license its mark to Birdie for an advance payment of $100,000 and a royalty rate of ten percent. Oiseau additionally stipulated that Birdie only use the mark on golf apparel and that it not sell to retail stores carrying Oiseau's products.

Birdie did not respond to Oiseau's settlement offer. It presently retained new counsel and filed this lawsuit, unannounced, on April 28, 2006, seeking a declaration of non-infringement and

invalidation of Oiseau's trademark registrations. By letter of the same date, Birdie's counsel produced the complaint to Oiseau's counsel, explaining that Birdie had commenced litigation "in order to protect [Birdie's] rights in this matter... ." This prompted protestations from Oiseau's attorneys, who considered Birdie's filing a procedural ploy. Birdie replied that it had faced a May 1, 2006 deadline for contesting one of Oiseau's registrations and otherwise risked conceding the legitimacy of the mark.

On May 2, 2006, Oiseau filed a trademark infringement action against Birdie in the Central District of California. The allegations in that action are the inverse corollary to Birdie's allegations here. The resulting state of affairs – contemporaneous suits in this Court and in the Central District of California concerning the same dispute – creates an impasse; a judge of the Central District of California has denied Birdie's motion to stay proceedings there.

Oiseau's President, Tracy Wilkinson, who designed its trademarks, inhabits the Central District of California, as does its managing partner, Marco DeGeorge. The documents Oiseau intends to introduce in support of its allegations are in the Central District of California, where Oiseau and CIAI, Oiseau's parent, principally do business.

Birdie, a Colorado corporation, has its headquarters in Colorado, where its General Counsel, Vice President of Marketing, Chief Executive Officer, and Chief Financial Officer reside. Kate Sutton, Birdie's founder and President, resides in San Francisco (in the Northern District of California), where Birdie maintains an office and employs five people. Birdie's corporate records are found in both locations.

**IV.  Transfer**

The defendants bear the burden of demonstrating that Colorado is an inconvenient forum.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). The Tenth Circuit has explained,

> Among the factors a district court should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516.

On balance, considerations of convenience do not favor one forum over another, Birdie's witnesses and evidentiary materials being resident in Colorado and the Northern District of California and the defendants' people and documents being found in the Central District of California. Because federal law will apply, no conflict of laws appears. And I have nothing from which to discern the relative advantages and impediments of the two fora.

However, one factor tips the balance in favor of transfer, namely the determination of the judge presiding over the California action not to stay that proceeding. Though the judge indicated no reason why litigation in Los Angeles is preferable to litigation here, plural resolution of the questions of infringement and registration validity, central to both actions, is untenable. Practical considerations of an expeditious, enforceable, and singular adjudication demand that the issues presented here be litigated by one court only.

**V.  Dismissal**

Because I find that transfer is appropriate, I defer determination of the defendants' dismissal motion to the transferee court.

Accordingly, it is ORDERED that:

1) the motion for transfer is GRANTED;

2) the motion to dismiss is HELD IN ABEYANCE; and

3) this case shall be transferred to the Central District of California.

Dated: September __6__, 2006, in Denver, Colorado.

BY THE COURT:

__s/Lewis T. Babcock__
Lewis T. Babcock, Chief Judge
